NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIFFANY HAMMOND and TAMMY HAMMOND, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 13-435 (ES) (SCM) |
| JANICE KIM, YOUNG KIM, US MARSHALLS SERVICE, US DEPARTMENT OF JUSTICE AND UNITED STATES OF AMERICA, | |
| Defendants. | OPINION |

**SALAS, District Judge.**

This matter comes before the Court by way of a motion to dismiss for lack of jurisdiction brought by Defendants the United States of America,[1] the United States Marshals Service (improperly named "US Marshalls Service"), and United States Department of Justice (collectively, the "Federal Defendants"). (D.E. No. 3). Plaintiffs Tiffany Hammond and Tammy Hammond ("Plaintiffs" or the "Hammonds") did not oppose the motion. The Court has considered the briefs submitted in support of the present motion, and decides the matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court GRANTS Defendant's motion.

---

[1] The Court notes that the United States of America was substituted in the place of Defendant Oscar Alvarez-Matta, a Deputy U.S. Marshal, who was sued with respect to actions within the scope of his employment as a federal employee pursuant to 28 U.S.C. § 2679(d)(2). (Notice of Removal and Substitution & Ex. B, Certification of Scope of Employment, D.E. No. 1).

1

I. **BACKGROUND**[2]

This instant matter stems from a multi-vehicle accident that allegedly occurred on September 9, 2011, on the New Jersey Turnpike in Elizabeth, New Jersey. (Complaint ¶ 11, D.E. No. 1). Plaintiffs allege that Defendants Janice Kim and Oscar Alvarez-Matta negligently operated their vehicles so as to rear-end the vehicle being driven by Plaintiff Tiffany Hammond and in which Plaintiff Tammy Hammond was a passenger. (*Id.*). Plaintiffs filed suit in the Superior Court of New Jersey on October 10, 2012, which Complaint was removed to this Court on January 22, 2013. (D.E. No. 1).

II. **DISCUSSION**

  A. **LEGAL STANDARD**

A 12(b)(1) challenge may involve either a facial challenge to subject matter jurisdiction or a factual challenge to the jurisdictional allegations. *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). If the defendant's attack is facial—i.e., "asserting that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction"—a court must accept all allegations in the complaint as true. *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). Alternatively, a defendant may "challenge a federal court's jurisdiction by factually attacking the plaintiff's jurisdictional allegations as set forth in the complaint." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A factual challenge attacks the existence of a court's subject matter jurisdiction apart from any of the pleadings and, when considering such a challenge, a presumption of truthfulness

---

[2] The Court notes that Defendants Janice Kim and Young Kim have neither interposed an answer nor responded to Plaintiff's Complaint by way of a motion to dismiss and, as a result, are not subject to the rulings made in this Opinion.

does not attach to a plaintiff's allegations." *Id.*; *see also Martinez v. U.S. Post Office*, 875 F. Supp. 1067, 1070 (D.N.J. 1995).

"An attack on subject matter jurisdiction that is based on a lack of administrative exhaustion is a factual challenge and not a facial one." *See, e.g.*, *J.H. ex rel. J.H. v. Egg Harbor Twp. Bd. of Educ.*, No. 08-488, 2009 WL 1322514, at *2 (D.N.J. May 11, 2009); *Courtney v. Choplin*, 195 F. Supp. 2d 649, 650 (D.N.J. 2002).  When reviewing such a factual attack, the Court may consider evidence outside the pleadings. *Id.* at 3.

**B.   ANALYSIS**

The Federal Defendants argue that the Court lacks subject matter jurisdiction because Plaintiffs failed to file their lawsuit within six months of the denial of their administrative claims. (The Federal Defendants' Memorandum of Law in Support of Their Motion to Dismiss ("Fed. Defs. Br.") 4, D.E. No. 3-1).[3]

It is well settled that the United States "may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Martinez*, 875 F. Supp. at 1071 (citation omitted).  The Federal Tort Claims Act ("FTCA") operates as a limited and conditional waiver of

---

[3] The Federal Defendants also contend that:  (1) this action must be dismissed for lack of personal jurisdiction because Plaintiffs failed to timely serve the Summons and Complaint; and (2) the United States Marshals Service and United States Department of Justice must be dismissed because the United States is the only proper party in a FTCA Suit.  (Fed. Defs. Br. 7). Since this Court dismisses Plaintiff's federal claims against all Federal Defendants for lack of subject matter jurisdiction, it declines to address the Federal Defendants' alternative arguments for dismissal. *See JAKKS Pac., Inc. v. Conte*, No. 11–479, 2011 WL 6934856, at *1 n. 2 (D.N.J. Dec. 30, 2011) (citation omitted) ("Since the Court dismisses Plaintiff's Complaint for lack of personal jurisdiction, it declines to address Defendants' alternative arguments, i.e., dismissal for improper venue as well as transfer for the convenience of the parties and witnesses.").

the United States' sovereign immunity, and must be strictly construed in favor of the sovereign. *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010).

In 28 U.S.C. § 2401(b) of the FTCA, Congress provided:

> [a] tort claim against the United States *shall be forever barred* unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.*

*Id.* (emphasis added).  Thus, "[t]he FTCA has mandatory administrative claims procedures with which a plaintiff must comply prior to filing suit; if they are not followed, sovereign immunity is not waived, and the court lacks subject matter jurisdiction over plaintiff's claim." *Clark v. Wells Fargo Bank*, No. 13-1293, 2013 WL 1680178, at *2 (D.N.J. Apr. 16, 2013) (citation omitted & quotation marks omitted); *see also Yedwab v. United States*, 489 F. Supp. 717, 717-20 (D.N.J. 1980).

In the instant matter, on or about January 13, 2012, Plaintiff Tammy Hammond submitted an administrative claim (Standard Form 95) to the United States Marshals Service.  (Decl. of Gerald M. Auerbach ¶ 3 & Ex. 1, D.E. No. 3-2).  On January 31, 2012, the United States Marshals Service denied Tammy Hammond's administrative tort claim, finding "no evidence of negligence or wrongdoing on the part of any [United States Marshals Service] employee." (*Id.* ¶ 2 & Ex. 2).  On or about February 12, 2012, Plaintiff Tiffany Hammond submitted an administrative claim (Standard Form 95) to the United States Marshals Service.  (*Id.* ¶ 3 & Ex. 3).  By letter dated February 27, 2012, the United States Marshals Service denied Tiffany Hammond's administrative tort claim for the same reasons.  (*Id.* ¶ 4 & Ex. 4).  Both denial letters informed Plaintiffs that they could "file suit in the appropriate U.S. District Court not later than six months after the date of the mailing of this notice of final denial." (*Id.* at Exs. 2, 4).

Thereafter, Plaintiffs did not file their lawsuit in federal court within six months of the denials of their administrative claims. Instead, Plaintiffs filed suit in the Superior Court of New Jersey on October 10, 2012, more than six months after the date of the final denial. (Complaint, D.E. No. 1). Accordingly, this Court lacks jurisdiction over the claims against the Federal Defendants.

### III.   CONCLUSION

For the foregoing reasons, the Federal Defendants' motion to dismiss is GRANTED. An Order will accompany this Opinion.

**Dated:**  August 26, 2013                           */s/ Esther Salas*
                                                                  **Esther Salas, U.S.D.J.**